## BLOCK v. KATZ.

(Supreme Court, Appellate Term. February 25, 1901.)

LANDLORD AND TENANT—LEASE—DAMAGES—UNTENANTABLE CONDITION—ACTION FOR RENT—DEFENSE—EVIDENCE.

A lease of premises occupied as a barber shop provided that, if the premises should be so damaged as to be untenantable, the rent should cease until they were repaired. In defense to an action for a month's rent the tenant contended that the premises had been untenantable by reason of a fire. He testified that the floor was burned through in several places, that the door was nailed up and the rear windows broken, and that he could transact no business, but he admitted that his two employés were there every day, and that the fire was confined to the cellar, and damaged nothing in the shop. Numerous witnesses stated that the fire was confined to the cellar, and that they had been shaved, or had seen others being shaved, there, and that there was a sign in front stating the place to be open. *Held*, that a judgment for defendant was contrary to the evidence.

Appeal from municipal court, borough of Manhattan, First district.

Action by Nathan E. Block against Theodore Katz. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before ANDREWS, P. J, and O'GORMAN and BLANCH-ARD, JJ.

Benjamin & Loeser, for appellant.

Goldfogle, Cohn & Lind, for respondent.

BLANCHARD, J. The judgment of the trial court is clearly against the weight of evidence. The action is brought to recover rent for the month of December of premises leased to defendant, and occupied by him as a barber shop. The defense was that the premises had been rendered untenantable by reason of a fire occurring December 1st, and that the premises were not placed in complete repair during the entire month. The lease of the premises contained a provision that, "in case the damages shall be so extensive as to render the building untenantable, the rent shall cease until such time as the building shall be put in complete repair." The question at issue was whether the building was rendered "untenantable" within the meaning of this provision in the lease. The defendant himself was the only witness produced on defendant's behalf, and he swore that no business was transacted during the entire month because of the damage done by the fire. His testimony was that the floor was burned through in several places, and the door was broken down and had been nailed closed, and the windows in the rear broken, and that he was unable to transact any business. On cross-examination, however, he admitted that his two employés were there every day during the month; that the fire was in the cellar, and none of the contents of the shop were burned or in any manner injured. Plaintiff produced a number of witnesses who testified that they were either shaved on the premises, or had seen others being shaved; that the place had a sign in front to the effect that the place was open; and that the fire was confined to the cellar, and was of a trifling nature. On the evidence presented, the place was certainly not made untenantable.

Defendant's testimony is entirely unsupported, although his two employés who he stated were on the premises every day, might have corroborated him if his testimony that no business could have been transacted or was transacted because of the condition of the place was true.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.